IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON P. JONES, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:18-CV-1793-N-BK |
| | § | |
| SOCIAL SECURITY ADMINISTRATION | § | |
| OFFICE OF THE INSPECTOR GENERAL, | § | |
| | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSION, AND RECOMMENDATION**

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b), the Court now considers *Defendant's Motion to Dismiss*, Doc. 6. For the reason stated here, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Plaintiff filed this *pro se* civil action in state small claims court, alleging that Defendant failed to investigate fraudulent activity he reported in relation to the payment of his supplemental security income benefits. Doc. 1-2 at 3, 7-11. He sought monetary damages of $10,000.00. Doc. 1-2 at 3.

Defendant removed the case to this Court based on the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Doc. 1 at 2. Defendant then moved to dismiss Plaintiff's case on July 16, 2018. Doc. 6. When Plaintiff failed to timely respond to Defendant's motion, the Court ordered him to do so by September 10, 2018, if he was opposed to the dismissal of his case. Doc. 7. That deadline has now passed, and Plaintiff still has not responded.

Defendant moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure as jurisdictionally barred by the doctrine of sovereign immunity. Doc. 6. As Defendant correctly argues, Plaintiff cannot succeed on his claim for monetary damages against the federal government because Defendant has not waived its immunity from suit except through the

Federal Tort Claims Act, which Plaintiff has not invoked. Doc. 6 at 3-4. Accordingly, this action should be dismissed without prejudice for lack of subject matter jurisdiction. *See Campos v. United States*, 888 F.3d 724, 738 (5th Cir. 2018) (holding that district court erred in dismissing action with prejudice when the basis for dismissal was lack of subject matter jurisdiction).

**SO RECOMMENDED** on October 1, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).